Liang v. Sessions

BIA
Nelson, IJ
A099 429 458

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of August, two thousand seventeen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> > *Circuit Judges.*

_____

ZI YUN LIANG,
> *Petitioner,*

> v.                                      **11-4296**
>                                         **NAC**

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Charles Christophe, New York, New York.

FOR RESPONDENT:            Stuart F. Delery, Acting Assistant Attorney General; M. Jocelyn Lopez

1

Wright, Senior Litigation Counsel; Kristofer R. McDonald, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zi Yun Liang, a native and citizen of China, seeks review of a September 28, 2011, decision of the BIA affirming the March 31, 2010, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zi Yun Liang*, No. A099 429 458 (B.I.A. Sept. 28, 2011), *aff'g* No. A099 429 458 (Immig. Ct. N.Y. City Mar. 31, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008). Liang applied for asylum, withholding of removal, and CAT relief, asserting past persecution on account of his resistance to China's family

2

planning policy, and a fear of future persecution based on the birth of his children in the United States purportedly in violation of the family planning policy and on account of his Christian faith.

Liang failed to establish that he suffered past persecution. He testified that, in the course of an altercation when he tried to visit his wife while she was undergoing a compelled abortion, a family planning official hit him once on his right cheek. Without more, this was insufficient to meet his burden of establishing abuse that rose to the level of persecution. As Liang did not allege that the official inflicted pain or harm or caused injury that required medical treatment, we find no error in the BIA's conclusion that this did not rise to the level of persecution. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011); *see also Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("We have emphasized that persecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'" (quoting *Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir. 2005))). Relying on *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006), which held that

3

mistreatment that is insufficient to constitute persecution if committed on a person at liberty can in some circumstances rise to the level of persecution if committed on a person who is being detained on a protected ground, Liang argues that this principle should apply to him because he was hit while trying to visit his wife who was being held for an abortion. While we make no categorical ruling as to whether the *Beskovic* principle might ever extend to circumstances where a petitioner was abused in the context of the detention of a family member, we nonetheless rule that, in the circumstances Liang described, the hit to his cheek did not amount to persecution.

Because Liang did not demonstrate past persecution, he was not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Liang did not establish an objectively reasonable fear of persecution under the family planning policy because he failed to demonstrate that Chinese nationals returning with U.S.-born children face persecution in his home area of the Xinjiang Uyghur Autonomous Region ("XUAR"). *See Jian Hui Shao*, 546 F.3d at 142-43, 160-61, 165-66.

4

Liang also did not establish a well-founded fear of persecution based on his Christian faith. He did not submit evidence that Chinese officials are aware or likely to become aware of his religious practice. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Although there was evidence that repression of religious freedom had increased in the XUAR, it discussed only the repression of Muslims and Uyghur Christians in that region, and did not discuss the mistreatment of Han Christians such as Liang. *See Jian Hui Shao*, 546 F.3d at 160-61.

Because Liang failed to demonstrate a well-founded fear of future persecution, the agency did not err in denying asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

5

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

10242016-17